**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MACK MITCHELL,**

**Plaintiff,**

**v.**

**WILLIAMSON COUNTY ILLINOIS,**
***et al.*,**

**Defendants.**

**Case No. 26-cv-00978-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mack Mitchell commenced this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights during his incarceration at Williamson County Jail. The case was opened on July 20, 2026, without the payment of a filing fee or the filing of a Motion for Leave to Proceed Without Prepaying Fees or Costs ("IFP Motion"). That same day, Plaintiff was ordered to pay the filing fee of $405.00 or to file an IFP Motion within thirty (30) days and was warned that failure to do so would result in dismissal of the case (Doc. 6). The Court also issued an order directing Plaintiff to file a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form ("Consent Form") indicating consent to proceed before a magistrate judge or an affirmative declination to consent within twenty-one (21) days. (Doc. 5). Plaintiff failed to return the consent form within the allotted time frame, and so, the Court issued another order on August 11, 2026, giving Plaintiff seven additional days to return the form or face possible sanctions. (Doc. 7). Again, Plaintiff missed the deadline. The Court then entered a Notice of Impending Dismissal directing Plaintiff to file an IFP Motion or pay the $405.00 filing fee on or before September 25, 2026, and to file the consent form on or before September 25, 2026 (Doc. 8).

As of October 15, 2026, Plaintiff has not paid the $405.00 filing fee, filed an IFP Motion, or returned the consent form. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED without prejudice**, based on Plaintiff's failure to comply with the Court's orders and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

Any pending motions are denied as moot. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 15, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**